UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6  'O'

| Case No. | 2:14-cv-07023-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. TERENCE M. AGEE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**   **(In Chambers)** ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

## I. INTRODUCTION

On August 8, 2014, plaintiff Federal National Mortgage Association filed an unlawful detainer action against defendant Terence Agee and Does I through X in the Los Angeles County Superior Court. On September 9, 2014, defendant filed a notice of removal, and also attempted to assert counterclaims for declaratory and injunctive relief as well as damages. Dkt. No. 1. On December 18, 2014, the Court issued an Order to Show Cause why the action should not be remanded to the Superior Court for lack of federal subject matter jurisdiction. Dkt. No. 8. The Order to Show Cause explained that federal jurisdiction did not appear to exist because "[u]nlawful detainer actions are strictly within the province of state court." Fed. Nat'l Mortg. Assoc. v. Suarez, No. 1:11-cv-01225 LJO GSA, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Deutsche Bank Nat'l Trust Co.v. Leonardo, No. CV 11-3979 PSG (AJWx), 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1. 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").

The Court is in receipt of defendant's response to the Order to Show Cause, filed on January 7, 2015. In that response, defendant mistakenly interprets the Order to Show Cause as conveying "the Court's belief that, pursuant to 28 U.S.C. Section 1404(a), the [United States District Court for the Central District of California] is not the appropriate venue for this action." Response at 1. The Order to Show Cause, however, concerned a lack of federal subject matter jurisdiction, not improper venue. In general, a federal district court has subject matter jurisdiction when a case presents a claim arising under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:14-cv-07023-CAS(ASx) | Date | January 22, 2015 |
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. TERENCE M. AGEE | | |

federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See Deutsche Bank Nat'l Trust Co. v. Galindo, No. EDCV 10-01893-RGK (DTBx), 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction); 28 U.S.C. § 1331 (statute governing federal question jurisdiction); id. § 1332 (statute governing diversity jurisdiction). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Defendant's response appears to assert that the Court lacks the authority to remand based on a lack of subject matter jurisdiction in the absence of action by plaintiff. To the contrary, "[s]ubject matter jurisdiction may not be waived, and indeed, [the Ninth Circuit has] held that the district court must remand if it lacks jurisdiction." Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

Defendant argues that the Court has federal question jurisdiction because plaintiff has engaged in various violations of federal law. But whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936). A federal defense is not part of a plaintiff's claim. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court"). Nor can defendant's apparent attempt to add federal counterclaims create subject matter jurisdiction. See Cal. Equity Mgmt. Grp., Inc. v. Jiminez, No. 13-cv-1222 JSC, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses."); Fed. Nat'l Mortg. Ass'n v. Sue Lin Poh, No. C-12-02707 JCS, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) ("[W]hether a case arises under federal law does not depend upon matters raised in the answer or in counterclaims."). Moreover, "cross-complaints and counterclaims are not even allowed" in unlawful detainer proceedings. Litton Loan Serv., L.P. v. Villegas, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citing Knowles v. Robinson, 60 Cal. 2d 620, 626–27 (1963)). The Court does not have federal question jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6   'O'

| Case No. | 2:14-cv-07023-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. TERENCE M. AGEE | | |

Finally, defendant asserts that the amount in controversy exceeds $75,000, conferring diversity jurisdiction. Defendant appears to base this assertion on the value of the property. See Response at 2 (citing a "Trustee Deed of Sale" in the amount of $846,000). But "[i]n unlawful detainer actions, 'the right to possession alone [is] involved—not title to the property.'" Sue Lin Poh, 2012 WL 3727266, at *2 (citing Villegas, 2011 WL 204322, at *2); see Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Villegas, 2011 WL 204322, at *2. The complaint pleads damages of $47.37 per day, beginning on August 7, 2014. To date, this amount is less than $8,000. The Court lacks diversity jurisdiction as well.

As discussed above, Court does not have federal question or diversity jurisdiction over this action. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court therefore REMANDS this case to the Los Angeles County Superior Court.

IT IS SO ORDERED

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |